1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| LAVENUS PEARLETTE GORDON, | Case No. 2:16-CV-06825-GJS |
| Plaintiff | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | |
| Defendant. | |

## I. PROCEDURAL HISTORY

Plaintiff LaVenus Pearlette Gordon ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 15 and 16] and briefs addressing disputed issues in the case [Dkt. 20 ("Pltf.'s Br."), Dkt. 21 ("Def.'s. Br."), and Dkt. 22 ("Pltf.'s Reply)]. The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

In April 2013, Plaintiff filed applications for DIB and SSI, alleging disability as of April 1, 2013. [Dkt. 19, Administrative Record ("AR") 13, 194-210.]

1   Plaintiff's applications were denied at the initial level of review and on

2   reconsideration.  [AR 13, 131-35, 138-42.]  On December 10, 2014, a hearing was

3   held before Administrative Law Judge Herbert J. Green ("ALJ").  [AR 34-61.]  On

4   March 4, 2015, the ALJ issued an unfavorable decision.  [AR 13-27.]

5           Applying the five-step sequential evaluation process, the ALJ found that

6   Plaintiff was not disabled.  *See* 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

7   At step one, the ALJ found that Plaintiff had not engaged in substantial gainful

8   activity since the alleged onset date.  [AR 15.]  At step two, the ALJ found that

9   Plaintiff suffered from the severe impairments of lumbar degenerative disc disease,

10  hypertension, diabetes mellitus, coronary artery disease status-post myocardial

11  infarct and placement of two stents, peripheral artery disease, asthma, bilateral

12  carpal tunnel syndrome and trigger finger in the bilateral thumbs, status-post right

13  carpal tunnel release, gastroesophageal reflux disease, and depression.  [*Id.*]  At step

14  three, the ALJ determined that Plaintiff did not have an impairment or combination

15  of impairments that meets or medically equals the severity of one of the impairments

16  listed in Appendix I of the Regulations, ("the Listings").  [AR 16]; *see* 20 C.F.R. Pt.

17  404, Subpt. P, App. 1.  Next, the ALJ found that Plaintiff had the residual functional

18  capacity ("RFC") to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b))

19  with the following limitations:

20
21          [Plaintiff] must have the option to sit or stand.  She cannot
            climb, crawl, kneel, or squat but can occasionally stoop
22          and crouch.  She cannot constantly use her hands.  She
            must work in a climate-controlled environment free of
23          dust, fumes, and chemicals.  Mentally, [Plaintiff] retains
            the ability to understand, remember and carry out detailed
24          but not complex instructions, make decisions, attend and
            concentrate for extended periods, accept instructions, and
25          respond appropriately to changes in a routine work setting.
26
27  [AR 18 (footnote omitted).]  Applying this RFC, the ALJ found that Plaintiff was

28

unable to perform any past relevant work (step four), but based on Plaintiff's age

(48 years at time of alleged onset), education, and work experience, she could

perform jobs existing in the national economy, including representative occupations

such as cashier II and inspector (step five).  [AR 25-27.]

The Appeals Council denied review of the ALJ's decision on July 16, 2016.

[AR 1-3.]  This action followed.

III.<b>GOVERNING</b> STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to

determine if: (1) the Commissioner's findings are supported by substantial evidence;

and (2) the Commissioner used correct legal standards.  *Carmickle v. Comm'r, Soc.*

*Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071,

1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion."  *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see*

*also Hoopai*, 499 F.3d at 1074.

IV.discussion

Plaintiff contends that the ALJ:  (1) erred by rejecting the opinions of the

examining physicians in favor of the opinions of the non-examining consultants and

(2) failed to provide clear and convincing reasons for finding Plaintiff's testimony

not credible.  [Pltf.'s Br. at 6-23.]  As set forth below, the Court agrees with

Plaintiff, in part, and remands the matter for further proceedings.

**A.**  ALJ Failed to Properly Consider Plaintiff's Subjective Complaints

Plaintiff contends that the ALJ failed to state sufficient reasons for

discounting her credibility.  [Pltf.'s Br. at 18-23.]

Once a disability claimant produces evidence of an underlying physical or

mental impairment that could reasonably be expected to produce the symptoms

alleged and there is no affirmative evidence of malingering, the ALJ must offer

"specific, clear and convincing reasons" to reject the claimant's testimony.  *Brown-*

3

*Hunter v. Colvin*, 806 F.3d 487, 492-93 (9th Cir. 2015); *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996).  The ALJ must identify what testimony is not credible and what evidence discredits the testimony.  *See Treichler v. Comm'r, Soc. Sec. Admin.*, 775 F.3d 1090, 1102-03 (9th Cir. 2014); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  But if the ALJ's assessment of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the Court's role to "second-guess" it.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Plaintiff testified that she was unable to work due to chest pain, anxiety, and difficulty standing, sitting, and using her hands.  [AR 41, 50-51.]  She complained of numbness, pain and weakness in her hands and thumbs, numbness in her groin, back pain, stomach pain, breathing issues, difficulty handling stress, and decreased concentration.  [AR 41, 51-54, 265-68.]  She claimed she is limited to lifting 20 pounds and walking 30 minutes before needing to rest, but acknowledged that she was able to do laundry once a week, shop one or two times a week with assistance handling heavy objects, vacuum two times a week, wash dishes, make beds, clean bathrooms, and drive for an hour before experiencing pain.  [AR 265-66, 268.]

The ALJ did not find malingering but determined that Plaintiff's subjective symptom testimony was not fully credible.  [AR 19.]  The ALJ gave two reasons for discounting Plaintiff's subjective symptom testimony:  (1) Plaintiff's subjective anxiety about maintaining the pace of her prior work did not indicate she was precluded from performing all work, as she had attempted to return work just days after experiencing a heart attack; and (2) Plaintiff's ability to perform ordinary household chores showed that her symptoms did not prevent her from working.  [AR 19-20.]

First, the ALJ cited Plaintiff's unsuccessful attempt to return to work just two days after experiencing a heart attack and stent placement in March 2013.  [AR 19, 344.]  The ALJ stated that although Plaintiff experienced chest pain that was caused

by anxiety when she attempted to return to work, "[h]er subjective anxiety about returning to [her] past work a few days after a traumatic experience such as a heart attack [ ] does not necessarily preclude all work after a reasonable period of perhaps 6 to 12 weeks." [AR 19-20.] The ALJ did not articulate a specific, clear, and convincing reason for rejecting Plaintiff's testimony. The ALJ merely summarized Plaintiff's unsuccessful attempt to return to work and then concluded that Plaintiff would not have been precluded from "all work" after a recovery period of "perhaps 6 to 12 weeks." [AR 19-20.] The ALJ did not specify the testimony he found not credible or point to any specific evidence in the record to undermine Plaintiff's subjective complaints. *See Treichler*, 775 F.3d at 1102-03; *Reddick*, 157 F.3d at 722. Thus, the ALJ's allegation was simply too vague and conclusory to support the adverse credibility determination. *See* Social Security Ruling 16-3p (the ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms").

The ALJ next discounted Plaintiff's subjective symptom testimony because her statements describing her daily activities "suggests that her residual symptoms are not so severe that they prevent her from working." [AR 20.] An ALJ may rely on a claimant's daily activities to support an adverse credibility determination when those activities: (1) "contradict [the claimant's] other testimony"; or (2) "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). But "[t]he ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Id.* (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). Here, the ALJ did not specify how Plaintiff's activities conflicted with Plaintiff's testimony nor did the ALJ explain how Plaintiff's activities might be transferable to a work setting. *See Orn*, 495 F.3d at 639. While

the ALJ summarized Plaintiff's activities such as driving, walking, doing laundry, shopping, making beds, vacuuming, cleaning, and washing dishes, "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Moreover, the ALJ failed to mention Plaintiff's testimony that her granddaughter and another person help with the household chores and that pain sometimes prevents Plaintiff from completing chores. [AR 19, 46, 265-67.] Accordingly, the asserted conflict between Plaintiff's ability to perform household chores and her testimony is not a specific, clear, and convincing reason for discrediting Plaintiff's subjective symptom testimony. *See Garrison v. Colvin*, 759 F.3d 995, 1015-16 (9th Cir. 2014) ("[w]e have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day").

The Commissioner argues that the ALJ reasonably found that Plaintiff's subjective symptom testimony was not supported by the objective medical evidence. [Def.'s Br. at 14-15.] The ALJ, however, did not rely on this reason to discredit Plaintiff's testimony. The ALJ's decision cannot be affirmed based on the Commissioner's post hoc rationalization. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require [the Court] to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground

1 | not actually relied on by the agency"). Accordingly, reversal is warranted.[1]

2 | I. CONCLUSION

3 | When the Court reverses an ALJ's decision for error, the Court "ordinarily

4 | must remand to the agency for further proceedings." *Leon v. Berryhill*, 874 F.3d

5 | 1130, 1132 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)

6 | ("the proper course, except in rare circumstances, is to remand to the agency for

7 | additional investigation or explanation"); *Treichler*, 775 F.3d at 1099. But the Court

8 | does have discretion to make a direct award of benefits under the "credit-as-true"

9 | rule, which asks whether: "(1) the record has been fully developed and further

10 | administrative proceedings would serve no useful purpose; (2) the ALJ has failed to

11 | provide legally sufficient reasons for rejecting evidence, whether claimant testimony

12 | or medical opinion; and (3) if the improperly discredited evidence were credited as

13 | true, the ALJ would be required to find the claimant disabled on remand."

14 | *Garrison*, 759 F.3d at 1020. Each part of this three-part standard must be satisfied

15 | for the Court to remand for an award of benefits, *id.*, and it is only the "unusual

16 | case" that meets this standard, *Benecke*, 379 F.3d at 595. *See*, *e.g.*, *Treichler*, 775

17 | F.3d at 1105 ("[A] reviewing court is not required to credit claimants' allegations

18 | regarding the extent of their impairments as true merely because the ALJ made a

19 | legal error in discrediting their testimony."). Moreover, if "an evaluation of the

20 | record as a whole creates serious doubt that a claimant is, in fact, disabled," a court

21 | must remand for further proceedings "even though all conditions of the credit-as-

22 | true rule are satisfied." *Garrison*, 759 F.3d at 1021; *see also Leon*, 874 F.3d at 1133

23 | ("an award under [the credit-as-true] rule is a rare exception, and the rule was

24 |

25 | [1]

26 | The Court has not reached the remaining issues raised by Plaintiff regarding whether the ALJ properly considered the opinions of the examining doctors, except

27 | as to determine that reversal with the directive for the immediate payment of benefits would not be appropriate at this time. However, the ALJ should address

28 | Plaintiff's additional contentions of error when evaluating the evidence on remand.

intended to deter ALJs from providing boilerplate rejections without analysis");
*Brown-Hunter*, 806 F.3d at 495 ("The touchstone for an award of benefits is the existence of a disability, not the agency's legal error.").

Here, given the ALJ's insufficient consideration of Plaintiff's subjective symptom testimony, questions regarding the extent to which Plaintiff's pain and symptoms limit her ability to work remain unresolved. *See, e.g., Brown-Hunter*, 806 F.3d at 495-96. Therefore, in accordance with Plaintiff's request, the Court concludes that remand for further proceedings is warranted. [Pltf.'s Br. at 24; Pltf's Reply at 10]; *see Treichler*, 775 F.3d at 1107; *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remand for further proceedings appropriate when the ALJ's findings are so insufficient that the reviewing court cannot determine whether the claimant's rejected testimony should be credited as true).

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: December 28, 2017

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

1. Nancy A. Berryhill, the Acting Commissioner of the Social Security Administration, is hereby substituted as the defendant in this action pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.